IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

v.

**STEVEN MADDEN,**

**Defendant.**                                                                 **No.12-0029-DRH**

<u>**ORDER**</u>

**HERNDON, Chief Judge:**

Pending before the Court is Madden's petition under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Doc. 1). On March 5, 2010, Madden pleaded guilty to one count of drug conspiracy in violation of 21 U.S.C. §§ 841(a)(1), (846) and on June 11, 2010, the Court sentenced Madden to a term of 96 months in prison. Thereafter, Madden timely appealed. On March 10, 2011, the Seventh Circuit Court of Appeals allowed Madden's counsel on appeal to withdraw pursuant to Anders v. California and dismissed the appeal. *See USA v. Madden*, 09-30063-DRH; Doc. 205.

In his § 2255 petition, Madden raises the following grounds for relief, all which center around what appears to be claims of ineffective assistance of counsel: that his counsel did not object to the 17.8 grams of methamphetamine that was found in the common area of the apartment building as that 17.8 grams was added to the 190 grams instead of being included in the 160 to 190 grams of methamphetamine; that

the United States Attorney misled him regarding this 17.8 grams and that he was improperly informed by his counsel; and that the 17.8 grams had been double counted which raised his sentencing guidelines.

Although Madden did not raise this ground during his appeal, Madden may proceed on his § 2255 petition if he can show either "cause for the default **and** actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)(emphasis added); *see also Edwards v. Carpenter*, 529 U.S. 446, 455 (2000).

In *Murray v. Carrier*, the Supreme Court held that ineffective assistance of counsel may constitute cause. However, "[s]o long as a defendant is represented by counsel whose performance is not **constitutionally** ineffective under the standard established in *Strickland v. Washington*, [466 U.S. 668 (1984),] [there is] no inequity in requiring him to bear the risk of attorney error that results in a procedural default." *Murray*, 477 U.S. at 488 (emphasis added).

In order to show ineffective assistance of counsel under *Strickland*, a petitioner must satisfy yet another two pronged test by showing: (1) "counsel's representations fell below an objective standard of reasonableness" (the performance prong); and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (the prejudice prong). *Strickland*, 466 U.S. at 688, 694. In *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994), the Seventh Circuit held that a § 2255 movant need not demonstrate prejudice when

raising an allegation of ineffective assistance of counsel where petitioner's lawyer failed to file a requested direct appeal. *Id.* at 719.

In his motion, Madden seems to contend that his counsel's performance was below a reasonable standard, and that this caused him to be sentenced to a longer sentence. In essence, Madden is arguing that but for the grounds raised in his motion, he would have had sufficient counsel, and would likely have received a lower sentence.

The Court **ORDERS** the Government to file a response to petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part of its response, attach all relevant portions of the record

**IT IS SO ORDERED.**

Signed this 2nd day of August, 2012.

David R. Herndon
2012.08.02
19:40:34 -05'00'

**Chief Judge**
**United States District Court**